UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

```
In re:                              )
                                    )
THE CATHOLIC BISHOP OF SPOKANE)        No. 04-08822-PCW11
a/k/a THE CATHOLIC DIOCESE OF )        Chapter 11
SPOKANE,                            )
                                    )
              Debtor.               )
                                    )
_____)
                                    )
MICHAEL SHEA,                       )
                                    )
              Plaintiff,            )   Adversary No. A04-00291-PCW
                                    )
vs.                                 )
                                    )   MEMORANDUM DECISION RE:
THE CATHOLIC BISHOP OF SPOKANE)        TORT CLAIMANTS' COMMITTEE'S
a/k/a THE CATHOLIC DIOCESE OF )        MOTION FOR RECONSIDERATION OF
SPOKANE, a Washington               )   DENIAL OF MOTION TO INTERVENE
corporation sole,                   )
                                    )
              Defendants.           )
                                    )
_____)
```

On May 9, 2005, the Tort Claimants' Committee (hereinafter "TCC") filed its timely Motion for Reconsider (Docket No. 49) of the denial of its initial Motion to Intervene in this adversary proceeding. The initial ruling was an oral decision constituting the findings of fact and conclusions of law with the order denying the motion entered on April 29, 2005 (Docket No. 44). The current motion seeks reconsideration, or more accurately, seeks substantive review and revision of the previous decision.

This motion is brought pursuant to FRBP 9023, which incorporates FRCP 59. That rule and the case law implementing it establish four grounds for such motions: 1) A change in the controlling law; 2) Newly discovered evidence; 3) Manifest error of law or fact; and 4) Manifest injustice. The first three grounds

MEMORANDUM DECISION RE: . . . - 1        ENTERED 6/15/2005

are inapplicable in this situation and are not argued by the moving party. At best, the basis for the motion is that manifest injustice will result from the Court's prior decision because that decision is wrong. All courts, including this Court, occasionally reach incorrect conclusions. Such decisions should, and do, result in appeals, but do not necessarily result in manifest injustice. Indeed, the Ninth Circuit has referred to motions to reconsider as an "extraordinary remedy." *McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999).

The Motion for Reconsideration should be **DENIED** as the requirements of FRBP 9023 do not exist. Although the Motion for Reconsideration contains no legal or equitable arguments not previously addressed in the oral decision, as a supplement to and clarification of the previous oral ruling, each argument raised in support of the motion will be addressed.

*1. The TCC should be allowed to intervene as it attempted to resolve the issues of property of the estate without the expense and delay of litigation.*

It is commendable that the TCC did so. Its efforts were not wasted. The discussions between the TCC and the debtor prior to the commencement of this adversary proceeding by the Tort Litigants' Committee (hereinafter "TLC") will be relevant to any discussion between the debtor and the TLC regarding resolution of the property of the estate issues. It is in the debtor's interest to use the knowledge gained from the prior discussions with the TCC in order to anticipate and attempt to avoid any objection the TCC might have to any settlement reached with the plaintiff TLC. Also, the Court has made it clear that the counsel for the TCC should be

MEMORANDUM DECISION RE: . . . - 2

kept informed as to the progress of settlement discussions.

   2. *The TLC does not adequately represent the interest of the TCC in this adversary proceeding.*

   This was fully discussed in the oral decision. Both Committees have an identical interest in this adversary, i.e., maximizing the property of the estate. The TCC correctly argues that the TLC has no interest in utilizing that property for the payment of the claims of the constituents of the TCC. Payment of claims will not be determined in this adversary proceeding but in the context of a plan. Firstly, the property must be identified and defined. Secondly, the parties will argue regarding the division of that property. At that point, the interest of these two committees will be diametrically opposed. For purposes of this adversary proceeding their interests are identical.

   3. *Absent intervention, the TCC is denied any meaningful participation in the resolution of one of the primary issues of the case.*

   The 11 U.S.C. § 541 issue is one of the key issues of the entire reorganization. Any consensual plan would have to address the issue in some meaningful fashion even though a consensual plan might represent a compromise on the parties' positions rather than a final resolution of the issue. No consensual plan could be developed without full participation of the TCC. Recently, the parties tentatively agreed to a procedure to begin discussions regarding a consensual plan. Assuming no consensual plan can be submitted, the process required to confirm any plan proposed by the debtor allows ample opportunity for all interested parties to participate in the reorganization process. Denial of the Motion to

MEMORANDUM DECISION RE: . . . - 3

Intervene does not deprive the TCC of its opportunity to fully participate in the reorganization process.

The denial of the request to intervene will deprive the TCC of the opportunity to participate in what may well become a lengthy appeal process of this Court's decision in the adversary proceeding. However, the TCC will obtain the exact same benefit as the TLC from the eventual resolution of the adversary proceeding, i.e., identification of property of the estate.

4. *Denying intervention encourages a "race to the courthouse" between the Committees.*

Unfortunately, that race has already begun and has historically resulted in some needless and unseemly litigation of relatively unimportant issues. The effect has been to reduce the funds available to pay the constituents of both Committees, reduce the funds available to the debtor to continue its operations, and delay the reorganization process. Recent events indicate that this needless race may have concluded. If not, the Court has more effective remedies at its disposal than allowing intervention in this adversary.

5. *Costs to the estate can be controlled without denying intervention.*

Control of costs was only one factor utilized in reaching the conclusion that intervention should be denied. The TCC is correct that a denial of intervention is merely one device to assist in reducing administrative costs and that the Court has other means to monitor and control administrative costs. However, the increase in administrative expenses which would result if intervention were granted is properly a factor to be considered. As previously

MEMORANDUM DECISION RE: . . . - 4

indicated, there is an expectation of cooperation and out-of-court communication between the Committees and among the Committees and the debtor and the parish representatives not only to contain costs, but to reduce the historical level of hostility which unfortunately developed early in this case.

   6. *The TLC owes a fiduciary duty to the constituents of the TCC in this adversary.*

In the context of this adversary, the interests of the TLC and the TCC and indeed all creditors of the estate, are aligned. Their mutual goal is to maximize the property of the estate. Any plaintiff in any adversary proceeding with such a goal is litigating for the benefit of all creditors of the estate.

In summary, the Motion for Reconsideration is **DENIED** and the Court's prior ruling denying the Motion to Intervene remains in effect.

DATED this 15th day of June, 2005.

*Patricia C. Williams*
PATRICIA C. WILLIAMS
Bankruptcy Judge

MEMORANDUM DECISION RE: . . . - 5