```
                                              FILED
                        AUG 2 6 2005
                                          AUG 2 6 2005
                                          T.S. McGREGOR, CLERK
                                          U.S. BANKRUPTCY COURT
                                       EASTERN DISTRICT OF WASHINGTON
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: <br><br> THE CATHOLIC BISHOP OF SPOKANE a/k/a THE CATHOLIC DIOCESE OF SPOKANE, a Washington corporation sole, <br><br> Debtor. | No. 04-08822-PCW11 <br> Chapter 11 |
| MICHAEL SHEA, <br><br> Plaintiff, <br><br> vs. <br><br> THE CATHOLIC BISHOP OF SPOKANE a/k/a THE CATHOLIC DIOCESE OF SPOKANE, a Washington corporation sole, <br><br> Defendants. | Adversary No. A04-00291-PCW <br><br> MEMORANDUM DECISION RE: <br> 1) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#40) <br> 2) DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT (#62) <br> 3) DEFENDANT'S MOTION TO DISMISS (#64) |

This adversary proceeding was commenced on December 22, 2004, approximately three weeks after the commencement of the Chapter 11 case. The plaintiff holds a disputed unliquidated claim arising from childhood sex abuse suffered by plaintiff. The abuser was a priest associated with the defendant and allegedly the negligent acts of the defendant allowed the abuse to occur. The Complaint names only the debtor as a defendant but alleges that all real and personal property held by parishes and other members of the diocesan family is property of the bankruptcy estate under

MEMORANDUM DECISION RE: . . . . - 1

04-00291-PCW    Doc 94    Filed 08/26/05    Entered 08/26/05 12:59:45    Pg 1 of 7

11 U.S.C. § 541 and thus subject to claims of creditors. The legal issues in this adversary proceeding are nearly identical with those in the adversary proceeding *Committee of Tort Litigants v. The Catholic Diocese of Spokane, et al.*, Adversary No. 05-80038-PCW (hereinafter "Related Adversary").

## I.

## PROCEDURAL HISTORY

On April 28, 2005, the plaintiff filed a Motion for Summary Judgment identifying 21 parcels of real property (hereinafter "Disputed Real Property") for which the deeds reflect fee simple title held by the Diocese.[1] Plaintiff seeks a determination that those parcels constitute property of the estate which is contrary to debtor's assertion that it holds only bare legal title. The debtor has asserted in its Schedules that the Disputed Real Property and other real and personal property is held for the benefit of the parishes or other members of the diocesan family.

On May 27, 2005, the defendant filed a Motion to Dismiss alleging that the plaintiff has no standing to bring this action under Fed. R. Bank. P. 7012(b), which incorporates Fed. R. Civ. P. 12(b)(1) and (6). Defendant contends that no case or controversy exists, thus the Court lacks subject matter jurisdiction. On the same day, the debtor filed its Cross-Motion for Summary Judgment with supporting brief. The hearing on those dispositive motions occurred June 27, 2005 simultaneously with the hearing in the Related Adversary.

---

[1] The plaintiff's Motion for Partial Summary Judgment in the Related Adversary involves the same 21 parcels of real estate plus an additional parcel.

## II.

### DEFENDANT'S MOTION TO DISMISS

The defendant firstly seeks dismissal on the basis that the plaintiff did not file a response to the defendant's Motion to Dismiss filed on May 27, 2005. The Scheduling Order previously entered in this proceeding required plaintiff to file its response to any jurisdictional motions by June 10, 2005. (Scheduling Order, Adversary Docket No. 52). The plaintiff filed a memorandum of authorities on June 10, 2005 which was captioned as a response to defendant's Motion for Summary Judgment and also states it is a reply to defendant's response to the plaintiff's initial Motion for Summary Judgment. It was not designated as a reply to the defendant's Motion to Dismiss. The memorandum of authorities does, however, in a rather oblique manner, discuss the arguments raised in the Motion to Dismiss. The defendant did not file a memorandum of authorities or other pleading designated as a reply to the plaintiff's initial Motion for Summary Judgment.

A Motion to Dismiss with the same legal issues was filed in the Related Adversary by defendant in that proceeding with all issues fully briefed and addressed in that case. The motions in this proceeding rely in part upon declarations filed in the Related Adversary and refer to memorandums of authority filed in that adversary. At oral argument, it was apparent that all the parties in both cases had divided oral argument of the common issues without distinguishing between the two adversary proceedings. This was a proper manner in which to proceed, was efficient, and did not harm or prejudice any party as no party was surprised by the advancement of a new legal argument.

MEMORANDUM DECISION RE: . . . - 3

In reality, both parties have combined all arguments in several responsive briefs and memoranda filed since the May 11, 2005 Scheduling Order. Neither party should be penalized for the fact that there may be no specific pleading captioned as a specific response to a specific motion so long as all the issues have been addressed.

## III.

### FED. R. CIV. P. 12(b)(6) STANDING ISSUE

Secondly, the defendant seeks dismissal on jurisdictional grounds. The standing issue presented in this adversary differs slightly from the very similar standing issue presented in the Related Adversary. The plaintiff in that Related Adversary is an officially appointed Tort Litigants' Committee (hereinafter "TLC") composed of several individuals who, as did the plaintiff in this proceeding, suffered childhood sex abuse by a priest. The members of the TLC had commenced various law suits against the debtor for damages pre-petition. The TLC was formed February 2, 2005, approximately a month and a half after the commencement of this adversary. (Appointment of Committee of Tort Litigants in a Chapter 11 Reorganization Case, Main Case Docket No. 206). At the same time as the TLC was formed, the original Tort Claimants' Committee (hereinafter "TCC") was reconstituted to include only claimants who had suffered childhood sex abuse but had not commenced litigation pre-petition. (Reconstitution of and Appointment of Committee of Tort Claimants in a Chapter 11 Reorganization Case, Main Case Docket No. 205). After it was appointed, the TCC sought to intervene in this adversary and the Related Adversary. The intervention was denied. Thus, the

MEMORANDUM DECISION RE: . . . - 4

analysis of standing differs slightly in this adversary from the analysis in the Related Adversary in which the plaintiff is an officially appointed Creditors' Committee.[2]

The debtor argues that plaintiff has no standing to pursue this litigation as the Bankruptcy Code does not authorize the plaintiff to do so and because no case or controversy exists.

A. **Standing Under the Code**.

The Diocese contends that standing does not exist under the Bankruptcy Code. It relies on *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) for its conclusion that the plaintiff lacks standing to commence this adversary proceeding.

The discussion of this contention in the Related Adversary is applicable in this case. Although plaintiff herein is a single claimant rather than an officially appointed creditors' committee, the rationale for allowing creditors to dispute a debtor's identification of property of the estate is the same.

Plaintiff has standing under the Bankruptcy Code.

B. **Lack of Subject Matter Jurisdiction**.

The Motion to Dismiss also raises jurisdictional issues relating to standing. The Diocese seeks dismissal as (a) this is a non-core proceeding, and (b) the Court lacks subject matter jurisdiction because there is no case or controversy; and (c) because the constitutional requirements for standing have not been

---

[2] Court records reflect that the plaintiff herein is a member of the TLC. No one has raised an issue relating to the right of a single member of an officially appointed committee to maintain an adversary proceeding independently of the committee as a whole.

MEMORANDUM DECISION RE: . . . . - 5

met.

These issues are also the basis of a Motion to Dismiss by certain non-debtor defendants in the Related Adversary. The issues were analyzed in the decision rendered in the Related Adversary. The fact that this plaintiff is an individual creditor rather than an officially appointed creditors' committee does not meaningfully change the analysis nor the conclusion. The plaintiff has a pecuniary interest in this dispute regarding identification of the property of the bankruptcy estate.

The plaintiff has demonstrated that a case or controversy exists and he has standing under the federal Constitution.

## IV.

### THE PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

The plaintiff seeks a determination that as a matter of law the Disputed Real Property is property of the estate. The defendant seeks a determination as a matter of law that all property of the parishes or other members of the diocesan family is not property of the estate. The legal issues relating to the applicability and analysis of 11 U.S.C. § 541 mirror those in the Related Adversary.[3]

Rather than repeating the analysis of each issue presented, this decision will simply repeat the conclusions. The rationale for these conclusions is contained in the decision entered this same date in the Related Adversary.

---

[3] In this adversary, there is no contention that the doctrine of judicial estoppel is applicable. Nor are the individual parishes and other members of the diocesan family named as defendants.

MEMORANDUM DECISION RE: . . . . - 6

1. Application of state civil law under 11 U.S.C. § 541 to determine the nature and extent of debtor's interest in property does not violate the First Amendment. Nor does the application of § 541 to define property of the estate violate the First Amendment.

2. All Disputed Real Property is held in the name of the Bishop for the benefit of the Diocese. The debtor has all equitable and beneficial interest in all such property.

Plaintiff's Motion for Summary Judgment is **GRANTED** and defendant's Cross-Motion for Summary Judgment and Motion to Dismiss is **DENIED**.

DATED this 26th day of August, 2005.

_Patricia C. Williams_
PATRICIA C. WILLIAMS
Bankruptcy Judge